UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONTAVIOUS SHERRODE SMITH,

    Plaintiff,

v.                                            Case No:  6:13-cv-82-Orl-18TBS

STEVE BALLMER and CHRIS BABEL,

    Defendants.

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion to Proceed In Forma Pauperis. (Doc 2). Upon due consideration I respectfully recommend that the district court delay ruling on the motion until such time as Plaintiff has the opportunity to amend his complaint.

Prior to determining whether Plaintiff qualifies to proceed in forma pauperis, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed in forma pauperis if the court is satisfied that the action fails to state a claim upon which relief may be granted.

Ordinarily, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

When a complaint alleges fraud or mistake, FED. R. CIV. P. 9(b) imposes a heightened pleading standard, requiring that the circumstances constituting fraud be stated with particularity. The complaint must inform each defendant of his alleged participation in the fraudulent scheme. Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364, 1381 (11th Cir. 1997). A plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme." Id.

Although district courts apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of his claims for relief. Tigner v. Internal Revenue Serv., No.1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. Mar. 24, 2000). Plaintiff's complaint fails to meet this standard.

Plaintiff alleges that he had an email account with MSN Hotmail, which he was unable to access because Microsoft and/or TRUSTe solutions blocked his access. (Doc. 1 ¶¶ 10, 12).[2] He maintains that his account was blocked because someone else obtained "access to his account and us[ed] it without his knowledge to send spam." (¶ 12). According to Plaintiff, he attempted to access his email on several other occasions over the course of several weeks but was unsuccessful. (¶¶ 14-19). He alleges that Defendants "compromised [his] personal information and privacy to the world and breached their duty of safety with extreme lack of care." (¶ 20).

Plaintiff makes the following specific claims: Count 1 - Gross Negligence, Count 2 - Breach of Privacy (violation of the 4th Amendment), Count 3 - Deprivation of Life (violation

---

[2] All references are to Plaintiff's complaint (Doc. 1), unless a different source is indicated.

of 42 U.S.C. § 1983), Count 4 - Breach of Fiduciary Duty, Count 5 - Breach of Duty, Count 6 - Detrimental Reliance, Count 7 - Fraudulent Misrepresentation, and Count 8 - Emotional Distress.  (¶¶ 24-61).

Plaintiffs' complaint is what is commonly referred to as a shotgun pleading because each successive count incorporates by reference all of the preceding paragraphs. <u>Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp.</u>, 305 F.3d 1293, 1295-96 (11th Cir. 2002).  Because Plaintiff has failed to identify which facts are applicable to which claims, and which claims are applicable to which defendants, the Court "must sift out the irrelevancies, a task that can be quite onerous," and it must attempt to determine whether the facts alleged truly implicate all of the Defendants. <u>Id.</u>

Counts 2 and 3, which appear to be Plaintiff's basis for federal jurisdiction, fail to state causes of action under the Fourth Amendment and the heightened pleading standard of Section 1983.  In fact, breach of privacy, as articulated in the Complaint, is not a recognized federal claim.  Some of the remaining (presumably, state-law) counts are not legally recognized causes of action (detrimental reliance), <u>Moran v. Crystal Beach Capital, LLC</u>, Case No. 8:10-cv-1037-T-30AEP, 2011 U.S. Dist. LEXIS 569, at *14 (M.D. Fla. Jan. 4, 2011) ("detrimental reliance is not an independent cause of action"), and others are not adequately pled (breach of fiduciary duty and fraudulent misrepresentation).

Upon consideration of the foregoing, it is respectfully recommended that:

1. The district court delay ruling on Plaintiff's Motion to Proceed In Forma Pauperis until such time as he has the opportunity to amend his complaint.

2. Plaintiff's Complaint (Doc. 1) be **DISMISSED** without prejudice and he be given twenty-one days from the date of the District Judge's order to **AMEND**.

3. Plaintiff be advised that his amended complaint must contain all of his (amended) allegations and should not in any way refer to the original complaint. The amended complaint will completely replace the original complaint. Plaintiff be directed to file the amended complaint with an original signature and keep an identical copy for himself.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 7, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Pro se Plaintiff